(822 P.2d 76)
No. 66,520

IN THE MATTER OF THE ADOPTION OF BABY BOY S.

Opinion filed December 13, 1991.

*Julia A. Craft*, of Wichita, for appellant natural father.

*Don W. Riley*, of Wichita, for appellees adoptive parents.

Before REES, P.J., DAVIS, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: The natural father of Baby Boy S. appeals the trial court's decision terminating his parental rights pursuant to K.S.A. 1990 Supp. 59-2136. The controlling issue is whether the findings of fact by the trial court are supported by substantial competent evidence of clear and convincing quality.

K.S.A. 1990 Supp. 59-2136(h)(4) states:

"(h) When a father or alleged father appears and asserts parental rights, the court shall determine parentage, if necessary pursuant to the Kansas parentage act. If a father desires but is financially unable to employ an attorney, the court shall appoint an attorney for the father. Thereafter, the court may order that parental rights be terminated, upon a finding by clear and convincing evidence, of any of the following:

. . . .

"(4) the father, after having knowledge of the pregnancy, failed without reasonable cause to provide support for the mother during the six months prior to the child's birth."

No reported Kansas appellate opinion has construed K.S.A. 1990 Supp. 59-2136(h)(4) or its predecessor, K.S.A. 1989 Supp. 38-1129(c)(4) (repealed L. 1990, ch. 145, § 38). Nonetheless, opinions filed prior to enactment of the statutes disclose general principles of law applicable to this case.

"When findings of fact are attacked for insufficiency of evidence or as being contrary to the evidence, the duty of the appellate court extends only to a search of the record to determine whether substantial competent evidence exists to support the findings. An appellate court will not weigh the evidence or pass upon the credibility of the witnesses. Under these circumstances, the reviewing court must review the evidence in the light most favorable to the party prevailing below."

"In a determination under K.S.A. 1986 Supp. 59-2102(a)(3) of whether consent of a parent to an adoption is unnecessary for failure to assume parental duties, the best interests of the child is not a controlling factor in the decision."

"In making a determination pursuant to K.S.A. 1986 Supp. 59-2102(a)(3), the fitness of the nonconsenting parent is not a controlling factor as it would be under proceedings pursuant to K.S.A. 38-1581 et seq."

"Generally speaking, adoption statutes are strictly construed in favor of maintaining the rights of natural parents in those cases where it is claimed that, by reason of a parent's failure to fulfill parental obligations as prescribed by statute, consent to the adoption is not required."

"In making a determination in an adoption proceeding of whether a nonconsenting parent has failed to assume his or her parental duties for two consecutive years, all the surrounding circumstances must be considered." *In re Adoption of F.A.R.*, 242 Kan. 231, Syl. ¶¶ 2-6, 747 P.2d 145 (1987).

This case is analogous to cases where the trial court must determine if a parent has failed or refused to assume the duties of a parent for two consecutive years prior to an adoption pursuant to K.S.A. 1990 Supp. 59-2136(h)(7) (repealing and replacing K.S.A. 1989 Supp. 59-2102[a][3]). The tests and rules applicable in those instances are equally applicable when a trial court must determine whether a father, after having knowledge of the pregnancy, failed without reasonable cause to provide support for the mother during the six months prior to the child's birth.

The natural father and the adoptive parents of Baby Boy S. agree that *In re Adoption of F.A.R.*, 242 Kan. 231, is controlling. Our Supreme Court held: "[T]here is no error in admitting evidence of events occurring prior to that period to the extent it is relevant to explain or prove conduct or lack thereof during the two-year period." 242 Kan. at 238. Applying that rule to this case, the district court properly considered relevant evidence of the father's conduct that occurred prior to the six-month period before the birth of Baby Boy S.

The natural father contends his incarceration from August 1990 until the birth of Baby Boy S. in February 1991 prevented him from being able to support the mother. He also argues that prior to his incarceration he made efforts to support the mother by working for his parents, giving her his only paycheck, babysitting her other children, and attempting to provide a home for her. The father points to the following statement: "When a nonconsenting parent is incarcerated and unable to fulfill the customary parental duties required of an unrestrained parent, the court must determine whether such parent has pursued the opportunities and options which may be available to carry out such duties to the best of his or her ability." *In re Adoption of F.A.R.*, 242 Kan. at 236.

In reply, the adoptive parents argue the mother testified that the father did not provide her with money, groceries, or a place to live, nor did he give her his paycheck or babysit her other children. Moreover, the mother stated the father showed a complete disregard for supporting her *before* his incarceration. A father's unwillingness to support his children before he is pre-

vented from doing so is a factor the court may consider. See *In re Adoption of B.C.S.*, 245 Kan. 182, 188, 777 P.2d 776 (1989).

The trial court, immediately after hearing the evidence, made extensive findings of fact and sorted out conflicting testimony.

An appellate court will not weigh the evidence or pass upon the credibility of the witnesses. The evidence is to be viewed in the light most favorable to the party prevailing below.

The mother testified that the father never furnished her with any food or money after he learned of her pregnancy. She denied that he had turned over his only paycheck to her. The evidence indicates that the father lived with the mother four weeks at most, but he may have spent the night on other occasions. The trial court concluded that the father made no effort to inquire after the welfare of the mother in her pregnant condition.

The facts of the case here are in dispute. The trial court, however, upon hearing and considering all of the evidence and making extensive findings of fact, came to a conclusion that is supported by substantial competent evidence of clear and convincing quality.

Affirmed.