(891 P.2d 457)
No. 69,765

# In the Matter of the Adoption of BABY BOY W.

Opinion filed May 13, 1994.

*Keith E. Martin*, of Smith, Shay, Farmer & Wetta, of Wichita, for appellant natural father.

*James D. Holt* and *Kenneth H. Jack*, of Bruce & Davis, of Wichita, for appellees.

Before BRISCOE, C.J., BRAZIL and LARSON, JJ.

LARSON, J.: The father of Baby Boy W. appeals the trial court's decision terminating his parental rights pursuant to K.S.A. 1993 Supp. 59-2136(h)(4) and (5).

The 16-year-old mother and 21-year-old father of Baby Boy W. began dating in December of 1991. They had been sexually active before the relationship ended after two and one-half months.

When the mother learned she was pregnant in March 1992, she told a relative of the father who relayed the information to him. The father called the mother a week later and made a general offer of support. He told her to let him know if she needed anything.

Conflicting testimony was given concerning additional contacts directly between the father and the mother. The father claimed he spoke with the mother four or five times and left several unreturned messages. The mother admitted receiving three or four calls which included offers of assistance by the father. The trial court found that after the initial conversation, the father did not talk to the mother until July or August of 1992.

In September of 1992, the father sent the mother a check for $50 which the mother kept and used when she needed it around Christmas of 1992. Baby Boy W. was born in late October 1992.

The father's parents went with the mother and her mother to the first prenatal doctor's appointment. The father's parents told the mother they would help out in any way on behalf of the father, but they did not come forth with anything specific. The father's parents did not pay for any of the mother's doctor's appointments or her prescription vitamins, purchase food or clothes, pay any of her other living expenses, or otherwise offer specific sums of

money to the mother. The father's parents simply told the mother to let them know what she needed.

The father's offer to the mother was that "if she needed anything to tell me I would do it." The father did not offer to give the mother specific sums of money, take the mother to her doctor's appointments, pay for the mother's prescription vitamins, buy food or clothes, or pay any of her other living expenses. The mother received nothing from the natural father except the $50 check. During the time the mother was pregnant, the natural father lived with his parents, worked at a car dealership, and later worked for his father's carpet cleaning business.

The mother did not want anything from the father and made no effort to follow up on his or his parents' general offer of assistance. The mother believed that if she accepted anything from the father or his parents, it would give him rights to the child. The mother did not want the father to have rights to the child because it upset her to think about what she would have to go through to share the raising of the child with him. The father had proposed that after the child was born he and the mother could alternate custody on a week-to-week basis. The mother wanted the child to be raised in a stable two-parent home.

Baby Boy W. was placed with the proposed adoptive parents whose petition for adoption was contested by the father. The trial court found the father had failed without reasonable cause to provide the mother with support in the six months preceding the child's birth and that the father had abandoned the mother after he learned of her pregnancy. The father appeals.

K.S.A. 1993 Supp. 59-2136(h) states in relevant part:

"(h) When a father or alleged father appears and asserts parental rights, the court shall determine parentage, if necessary pursuant to the Kansas parentage act. If a father desires but is financially unable to employ an attorney, the court shall appoint an attorney for the father. Thereafter, the court may order that parental rights be terminated, upon a finding by clear and convincing evidence, of any of the following:

. . . .

(4) the father, after having knowledge of the pregnancy, failed without reasonable cause to provide support for the mother during the six months prior to the child's birth;

(5) the father abandoned the mother after having knowledge of the pregnancy;

. . . .

"In making a finding under this subsection, the court may disregard incidental visitations, contacts, communications or contributions."

The father contends the trial court erred by concluding that his offer of financial assistance to the mother without actually tendering any money and without the mother's rejection, or without actually setting aside money for that purpose, was not sufficient to establish failure without reasonable cause to provide support under K.S.A. 1993 Supp. 59-2136(h)(4). The father argues that the mother interfered with and failed to cooperate with him, which he claims are significant factors in determining if his efforts were reasonable. The father defines the mother's interference and lack of cooperation as the rejection of every offer of assistance made by him or his parents on his behalf, with the motive to accomplish an adoption without his consent. He asserts that an actual tender of support would have been futile.

A trial court's order severing a nonconsenting parent's rights pursuant to K.S.A. 1993 Supp. 59-2136(h) must be supported by substantial competent evidence. *In re Adoption of Baby Boy B.*, 254 Kan. 454, 460, 866 P.2d 1029 (1994); *In re Adoption of Baby Boy S.*, 16 Kan. App. 2d 311, 312, 822 P.2d 76 (1991).

"Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated in another way, 'substantial evidence' is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. [Citation omitted.]" *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 (1993).

"This court will search the record only to determine whether substantial competent evidence exists to support the trial court's findings, and will not weigh the evidence or pass upon the credibility of witnesses. The reviewing court must review the evidence in the light most favorable to the party prevailing below." *In re Adoption of F.A.R.*, 242 Kan. 231, 238-39, 747 P.2d 145 (1987).

"The term 'support,' as used in K.S.A. [1993] Supp. 59-2136(h)(4), does not mean total support for the mother, nor is it sufficient if it is incidental or inconsequential. 'Support' must

be of some consequence and reasonable under all the relevant circumstances existing in the case." *In re Adoption of Baby Boy B.*, 254 Kan. 454, Syl. ¶ 3.

In determining whether a nonconsenting father has failed without reasonable cause to provide support for the mother during the last six months of her pregnancy, all the relevant surrounding circumstances must be considered. *In re Adoption of Baby Boy B.*, 254 Kan. 454, Syl. ¶ 4. The court must determine whether the natural father has pursued the opportunities and options which were available to carry out his duties to the best of his ability. *In re Adoption of Baby Boy B.*, 254 Kan. at 463. The mother's refusal of assistance offered by the natural father is a factor in determining if the father provided support to the mother. *In re Adoption of Baby Boy B.*, 254 Kan. at 465.

We have reviewed the record and hold the trial court's decision that the father failed without reasonable cause to provide support for the mother during the six months prior to the child's birth is supported by substantial competent evidence.

The record shows the mother never declined or rejected the only assistance, financial or otherwise, she received from the father, a $50 check. The only tender of support made by the father was not futile but was accepted by the mother. We cannot surmise that additional tenders of support would have been futile.

We hold the mother's failure to act upon a general offer of assistance by not contacting the father and telling him what she specifically needed does not amount to interference or a refusal of financial help. *Cf. In re Adoption of Baby Boy B.*, 254 Kan. at 464-65 (father had reasonable cause for not supporting mother more than he did; mother refused the natural father's offer of $1,000 from his income tax refund and offer to pay her $1,100 for living expenses for the month after the baby was born). The mother is not required to request support from the father.

We further hold to be without merit the father's alternative argument that he was not required to provide support to the mother because she was a minor who was supported by her mother and was receiving assistance from the adopting parents.

K.S.A. 1993 Supp. 59-2136(h)(4) contains no such qualifying language.

Because we hold that substantial competent evidence exists to support the findings of the trial court under K.S.A. 1993 Supp. 59-2136(h)(4), we need not consider the father's contention that the trial court erred by also concluding that under K.S.A. 1993 Supp. 59-2136(h)(5) he abandoned the mother after having knowledge of the pregnancy.

Affirmed.